The defendant's counsel does not deny that there was sufficient evidence to be submitted to the jury, provided *Page 249 
this were properly an action for a deceit; but he maintains that it should be considered as an action upon a contract, and that the motion for a nonsuit ought to have been granted, because the contract for the purchase of the land was in writing, and there was no covenant or agreement in writing respecting the quantity of land in the farm. The position that the action was not brought for a deceit is based upon the absence of any distinct allegation in the complaint that the defendant knew that the farm did not contain as many acres of land as it is alleged he represented it did, whence it is argued that no fraud is legally set out. The complaint does, however, state that the defendant falsely and fraudulently represented and alleged that the farm contained ninety acres of land. This has always been considered a sufficient allegation of a scienter in this class of action. The subject underwent a good deal of discussion in Bayard v.Malcom, in the Court of Errors (2 John., 550), and in the same case in the Supreme Court (1 id., 453). It was an action brought to recover for alleged untrue representations as to the business and patronage of a newspaper, upon the sale of it by the defendant to the plaintiff. The declaration alleged that the defendant made certain affirmations concerning the premises, the truth of which was negatived; and it was added, "and so the said plaintiff says that he, by reason of said affirmation, was falsely and fraudulently deceived," c. The plaintiff had a verdict, but the Supreme Court reversed the judgment on the want of a scienter. The defendant's counsel and the judges who concurred in reversing the judgment, however, stated that if it had been alleged that the representations were falsely and fraudulently made, the declaration would have been good, but they considered that the averment that the plaintiff was falsely and fraudulently deceived was not an equivalent allegation. But the Court of Errors held the declaration good, especially after verdict, and reversed the judgment of the Supreme Court. It will be seen, by perusing the arguments of counsel and the opinions of the Chancellor and Senators, that there was never any doubt that the words, "falsely and fraudulently," when *Page 250 
used to qualify the defendant's animus, in making the representations, were equivalent to the formal statement of ascienter.
But besides, this case was tried without allusion to the pleadings, and if the complaint was defective in the particular referred to, no objection could be now taken for that cause, the defect not having been brought to the attention of the Supreme Court.
If this were an action on a warranty of the contents of the farm, no doubt the plaintiff ought to have been nonsuited for the reasons urged by the defendant's counsel; for, not only were all the prior stipulations merged in the written contract, and in the deed, but there was no contract proved, oral or written, as to the quantity of land in the farm. What was said by the defendant was of the character of representations, for the good faith of which he was responsible, though they did not constitute terms of a contract. But the evidence on the part of the plaintiff was quite sufficient to make out a case of fraud for the consideration of the jury. That which was produced by the defendant, though well worth considering, was not of a character to raise a question of law, which would enable the court to take upon itself the disposition of the case.
There remains two rather sharp exceptions to be considered. It is very clear that the plaintiff could not rely upon representations made to him by the defendant after the land had been conveyed, to make out the gravamen of the action. If there was not, prior to that time, any contract as to the quantity of the land, as we have seen there was not, nor any representations of the defendant upon that subject, the plaintiff was without remedy. But in such an action as this, the defendant's intentions were in issue. He must have made the representations with a view to deceive the plaintiff, and to induce him to take the premises at the price mentioned, under the belief that they contained the quantity of ninety acres. What was said at Judge Bailey's house was at the interview when the deed was put into the plaintiff's hand. He declared he had not examined it. It is possible, though not clear, that if the defendant had refused to give the assurance which he did give, *Page 251 
that the transfer was so far consummated that the plaintiff could not recede. But that would not be the natural understanding of parties situated as the plaintiff and defendant were. The plaintiff's question evinced solicitude about the quantity of land, and his remark that he had had no opportunity to examine the conveyance carried the idea that he considered that he could return it, if the defendant should fail fully to satisfy him upon that point. The defendant, if he made the answers attributed to him, acted as one would be expected to act, who had, before that time, represented the land to contain the larger quantity mentioned, and was desirous of consummating the bargain without any demur on the part of the purchaser. Besides, the delivery of a conveyance is an act in pais, to be proved by witnesses. It does not certainly follow that the deed was delivered, because the plaintiff had taken it into his hands. If, for instance, he took it to read or examine, to ascertain whether it was correct, and was led to forego such reading or examination by the positive assurance of the defendant that it conformed to the verbal representations as to the number of acres, the delivery was not complete until after that explanation had been made, and the delivery acquiesced in. It is quite probable, from the circumstances proved, that this was the true state of the case. The defendant was entitled to an instruction, to the effect that any representations made by the defendant after the delivery of the deed, could not be taken into account to prove the main point of the issue, if such an instruction had been asked for. But I am of opinion that the evidence objected to was strictly competent.
As to the exception to the refusal to charge: I think the judge had substantially stated that the sale was one in gross, and not by the acre. There was certainly no evidence that it was of the latter character, that is, that it was sold for a specific sum per acre. It was sold for a certain amount, in other land, and in securities for money, for the whole, and that was the substance of the judge's remarks on that point. But the point itself was not material. There was not, confessedly, any guaranty as to the number of acres, and if the parties, in agreeing *Page 252 
upon the aggregate consideration, understood the land as containing a certain number of acres, as was proved to have been the case, the rule of damages would have been the same as though no such estimate had been made. Upon the whole I do not see that the judge's opinion, one way or the other, upon the point on which the instructions were asked, could have influenced the verdict in any way. Moreover it was not a question of law, but a matter of fact, depending upon the evidence which was before the jury.
I think the judgment ought to be affirmed.
All the judges concurring,
Judgment affirmed.